UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SOLOMON BOOMER,

                             Plaintiff,

                                                                                       DECISION AND ORDER

                                                                                       03-CV-6348L

              V.

JOSE M. DE PERIO, et al.,

                             Defendants.
_____

Plaintiff, Solomon Boomer, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants, all of whom at all relevant times were physicians employed by DOCS, violated his constitutional rights in connection with his treatment for diabetes. Defendants have moved for summary judgment. The motion is granted and the complaint is dismissed.

## BACKGROUND

The complaint alleges that plaintiff suffers from diabetes, and that beginning in July 2002, while plaintiff was confined at the Attica Correctional Facility ("Attica"), he was treated for that

condition by defendant Stephen Laskowski, M.D. The gist of plaintiff's claim against Dr. Laskowski is that Laskowski failed to prescribe "rainbow coverage," which plaintiff described at his deposition as "on-the-spot treatment" based on his blood sugar readings. Dkt. #38 at 44. While the nature of "rainbow coverage" (or of plaintiff's conception of such treatment) is not entirely clear from the record, plaintiff appears to allege that Laskowski prescribed plaintiff certain dosages of insulin, which were to remain the same over several months at a time. Plaintiff contends that those prescriptions did not take into account short-term fluctuations in plaintiff's blood sugar readings, with the result that plaintiff would be given dosages of insulin that were either higher or lower than what he actually needed.

Plaintiff has also sued Drs. Robert Takos and Jose DePerio, whom he describes as the "head doctor[s]" at Attica during plaintiff's treatment by Dr. Laskowski, Dkt. #38 at 53, and Dr. Lester N. Wright, the DOCS Associate Commissioner of Health Services. The essence of plaintiff's claims against these defendants is that he complained to them about what plaintiff perceived as his inadequate treatment by Dr. Laskowski, and that they ignored his complaints. Dkt. #38 at 53-54.

## DISCUSSION

**I. Failure to Exhaust Administrative Remedies as to Takos and Wright**

Defendants contend that plaintiff has failed to exhaust his administrative remedies with defendants Takos and Wright, and that his claims against those two defendants must therefore be dismissed. Defendants rely on the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a),

which provides in part that "[n]o action shall be brought with respect to prison conditions under [section 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

New York State regulations provide for a three-step administrative review process of prisoner grievances. *See* 7 N.Y.C.R.R. § 701.7. First, "an inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence ... ." 7 N.Y.C.R.R. § 701.7(a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review.

If the IGRC denies the grievance, the inmate may appeal to the superintendent of the facility "by filing an appeal with the IGP [Inmate Grievance Program] clerk." 7 N.Y.C.R.R. § 701.7(b)(1). After the superintendent issues his decision, the inmate may appeal to the Central Office Review Committee ("CORC"), which makes the final administrative determination. 7 N.Y.C.R.R. § 701.7(c). In general, it is only after exhausting all three levels of the administrative review that a prisoner may seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001); *Santos v. Hauck*, 242 F.Supp.2d 257, 259 (W.D.N.Y. 2003).

Here, plaintiff filed a grievance concerning his medical care in August 2002. He stated that he had been trying unsuccessfully for several months "to see the diabetic Dr. ... to have my insulin adjusted." Dkt. #38 at 13. Plaintiff stated that he had written letters complaining about these matters to Drs. Laskowski and DePerio, as well as to a non-party to this action, one Ms. Frisby. *Id.* Plaintiff

requested that he "receive proper medical care," including "rainbow coverage if needed." *Id.* The grievance did not mention Dr. Takos or Dr. Wright.[1]

As this Court has previously noted, "[c]ourt of appeals decisions from several circuits have yielded different results regarding whether an inmate may bring an action against an individual who was not named in the inmate's prison grievance." *Evan v. Manos*, 336 F.Supp.2d 255, 258-59 (W.D.N.Y. 2004) (citing cases). The Second Circuit appears to have adopted the approach taken by the Seventh Circuit in *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002), in which the court held that if prison regulations do not prescribe any particular content for inmate grievances, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *See Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (citing *Strong* with approval). The court in *Johnson* added that "[i]n order to exhaust, therefore, inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." *Id.*

New York regulations provide that an "[i]n addition to the grievant's name, department identification number, housing unit, program assignment, etc., the grievance must contain a concise, specific description of the problem and the action requested and indicate what actions the grievant has taken to resolve the complaint, *i.e.*, specific persons/areas contacted and responses received." 7 N.Y.C.R.R. § 701.7(a)(1)(I). Thus, there is no absolute requirement that an inmate identify every

---

[1]This grievance was denied initially and on appeal. Defendants do not contend that plaintiff failed to exhaust his administrative remedies as to this grievance.

- 4 -

individual by name in order to exhaust his remedies as to those individuals, and plaintiff's failure to name Drs. Takos and Wright in this action does not automatically bar his claims against them.

"By the same token, though, the mere fact that plaintiff filed some grievance, and fully appealed all the decisions on that grievance, does not automatically mean that he can now sue anyone who was in any way connected with the events giving rise to that grievance. The Court must examine whether plaintiff's grievance sufficiently alerted prison authorities that he was alleging some wrongdoing beyond" Laskowski's and DePerio's alleged indifference to his medical needs. *Turner v. Goord*, 376 F.Supp.2d 321, 324-25 (W.D.N.Y. 2005). *See, e.g., Ortiz v. McBride*, 380 F.3d 649, 653-54 (2d Cir. 2004) (finding that inmate plaintiff had exhausted his remedies as to his due process claim, but not as to his Eighth Amendment claim, since his administrative grievance did not allege Eighth Amendment violation), *cert. denied*, ___ U.S. ___, 125 S.Ct. 1398 (2005).

I find that plaintiff has not exhausted his administrative remedies as to defendants Takos and Wright. His grievance alleged only that he had complained to Laskowski, DePerio, and Frisby, and contained no suggestion that he had communicated with anyone else about these matters, or that anyone else was to blame. Nothing in his grievance would have alerted the authorities that plaintiff was making such allegations, nor would an official investigating plaintiff's grievance reasonably be expected to have explored such matters. The claims against defendants Takos and Wright must therefore be dismissed for plaintiff's failure to exhaust his administrative remedies. *See Sanchez v. Fischer*, No. 03 Civ. 4433, 2005 WL 1021178, at *4 (S.D.N.Y. May 2, 2005) (dismissing inmate's claim against physician where, "[d]espite his numerous [administrative] submissions and appeals, plaintiff made no allegations against [the physician] and made no claims that [the physician] failed

to treat him properly"); *Evan*, 336 F.Supp.2d at 259 (dismissing inmate's claims against dentist for failure to exhaust because "there [wa]s simply no suggestion anywhere in plaintiff's grievance that [the dentist] ... had failed to provide him with adequate dental care"); *Brewer v. Jones*, No. 02 Civ. 3570, 2004 WL 235269, at *2-3 (S.D.N.Y. Feb.5, 2004) (since "[p]laintiff's grievance did not name any individual defendants other than defendant Jones, and also was silent on the nature of plaintiff's alleged encounters with the other defendants," claims against defendants other than Jones were dismissed with prejudice); *see also Luckerson v. Goord*, No. 00 Civ. 9508, 2002 WL 1628550, at *2, 2002 U.S. Dist. LEXIS 13297, at *5 (S.D.N.Y. July 22, 2002) (finding that litigating a federal suit based on allegations that were never made at the administrative level would make a "mockery of the exhaustion requirement").

**II. Claims Against Laskowski and DePerio**

As stated, the basis for plaintiff's claim against Laskowski and DePerio is that suffers from diabetes, and that defendants have refused to provide him with adequate medical treatment. In particular, plaintiff alleges that he repeatedly requested "rainbow coverage" for his diabetes, and that defendants refused his request.

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or

'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain' ") (quoting *Chance*, 143 F.3d at 702).

Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (1997)).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), that this standard includes both an objective and a subjective component. With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective element, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd,* 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

Applying these standards here, I find that defendants are entitled to summary judgment. The record–including plaintiff's own admissions–amply demonstrates that plaintiff received adequate care for his diabetes. Plaintiff admits that Dr. Laskowski prescribed insulin for his diabetic condition, and that Laskowski had adjusted the prescribed level of insulin over the years. Dkt. #38 at 50. He also states that he has had regular blood work, Dkt. #38 at 51, albeit not as often as plaintiff would like. Plaintiff also testified that he is given instruments to use in monitoring his own blood sugar levels. Dkt. #38 at 51.

What this amounts to, then, is a disagreement between plaintiff and defendants over the proper treatment for his condition. He stated, for instance, that the treatment prescribed by Dr. Laskowski was "not working" and that "something else got to be done." Dkt. #38 at 61-62. He also stated that if plaintiff were allowed to "see a specialist, he could figure all of this out." Dkt. #38 at 62. An inmate has no absolute right to a particular course of treatment, however, or to be seen by a specialist. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (inmates have no constitutional right to particular course of treatment, and doctors are free to use their own medical judgment); *Roberts v. Spalding*, 783 F.2d 867 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care"); *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986) ("Furthermore, the mere claim that he was not afforded a doctor who specialized in the treatment of paraplegia or a trained physical therapist does not, of itself, state a claim of deliberate indifference").

The essence of plaintiff's claim, then, is that Drs. Laskowski and DePerio acted negligently and did not take appropriate steps which he claims were necessary. I do not believe such a claim is supportable, but even if it were, a claim for negligence or malpractice does not constitute a viable claim of a constitutional violation. Much more is required. There is no evidence of any kind that any of the defendants were deliberately indifferent to plaintiff's medical condition, nor is there any proof that they acted with a culpable state of mind or intended in some way to inflict pain on plaintiff. As stated earlier, mere negligence or medical malpractice does not give rise to a constitutional violation merely because the victim is a prisoner. *Estelle*, 429 U.S. at 106. Plaintiff's

dissatisfaction with the care that he received is therefore not sufficient to state a viable § 1983 claim.

*See Griswold v. Morgan*, 378 F.Supp.2d 328, 334 (W.D.N.Y. 2005).[2]

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #35) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 23, 2005.

---

[2] In his brief in opposition to defendants' motion, plaintiff asks the Court to deny defendants' motion for summary judgment because of defendants' failure to respond to the interrogatories that he served on them in January 2005 (Dkt. #32). Even accepting plaintiff's allegations as true, however, and drawing all reasonable inferences in his favor, I find that defendants are entitled to summary judgment, since the undisputed facts in the record demonstrate that he has received constitutionally adequate medical care.