UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SOLOMON BOOMER,

                Plaintiff,

        v.

JOSE DEPERIO, et al.,

                Defendants.

_____

DECISION & ORDER

03-CV-6348L

        Plaintiff Solomon Boomer ("Boomer"), acting *pro se*, has filed a complaint pursuant to 42 U.S.C § 1983 alleging that defendants violated his constitutional rights by acting with deliberate indifference to his medical condition, diabetes, while he was incarcerated at Attica Correctional Facility. (Docket # 6). On December 23, 2005, United States District Judge David G. Larimer granted summary judgment to all defendants. *Boomer v. DePerio*, 405 F. Supp. 2d 259 (W.D.N.Y. 2005). As to three of the defendants, the district court determined that Boomer had failed to exhaust his administrative remedies; as to the remaining two, physicians Stephen Laskowski ("Laskowski") and Joseph DePerio ("DePerio"), the district court held that the record contained "no evidence of any kind" that they were deliberately indifferent to his medical condition. *Id.* Boomer appealed the latter determination.

        By summary order, the Second Circuit remanded the case for reconsideration. *Boomer v. Goord*, 283 F. App'x 855, 858 (2d Cir. 2008). Although the Court agreed that Boomer's claims, "as stated in the complaint and developed in his deposition testimony, do not rise to the level of a constitutional violation," it remanded the case "in an abundance of caution"

because the district court had not considered Boomer's medical records and the defendants had failed to respond to Boomer's interrogatories. *Id.* The Court directed the district court "to reconsider the motion for summary judgment in light of plaintiff's medial records and the responses to his interrogatories after these documents are properly submitted to the Court." *Id.*

Following the Second Circuit's decision, this Court held a scheduling conference with the parties, during which Boomer was granted permission to serve amended interrogatories on defendants Laskowski and DePerio. In addition to doing so, Boomer also filed a motion for production of documents, although he had not previously served document requests. (Docket # 57). Defendants eventually answered the interrogatories. (Docket ## 52, 64). Defendants have neither opposed nor responded to Boomer's motion for production of documents.

Currently pending before this Court are three motions by Boomer: the first seeks an order compelling responses to the interrogatories served on DePerio; the second seeks to compel defendants to respond to Boomer's document requests; and, the third seeks an order appointing counsel. (Docket ## 56, 57, 60). The following constitutes my Decision and Order on the motions.

## DISCUSSION

**Discovery Motions**

### A. Interrogatories

Boomer served amended interrogatories on Laskowski and DePerio on September 16, 2008. (Docket # 51). Laskowski responded to Boomer's amended interrogatories on October 27, 2008, twelve days beyond the deadline established by this Court's amended

2

scheduling order, dated September 11, 2008. (Docket ## 48, 52). DePerio did not respond at all, prompting Boomer to file the instant motion to compel and for sanctions on November 13, 2008.[1] (Docket # 56).

In response to the motion to compel, by declaration dated March 16, 2009, counsel for defendants advised the Court that DePerio had retired from employment with the Department of Correctional Services ("DOCS") and that counsel had made several unsuccessful efforts to contact him at his last known address. (Docket # 63). The declaration concluded with the following representation, "Presently, I continue to exhaust whatever means of tracking Dr. DePerio. For example, I have learned that Dr. DePerio has a relative who practices medicine in the Buffalo, New York area and will request that person['s] assistance to contact Dr. DePerio." (*Id.* at ¶ 10). Three days later, on March 19, 2009, DePerio finally answered Boomer's interrogatories. (Docket # 69).

Boomer's motion to compel seeks an order directing DePerio to answer the interrogatories. Since Boomer filed the motion, however, DePerio has done so, albeit belatedly. Thus, the motion to compel is denied as moot.

I further deny Boomer's motion for sanctions, including his request for an order granting judgment in his favor. Counsel has explained that the tardy response resulted from the difficulty in locating DePerio following his retirement from DOCS. Counsel's declaration represents that he attempted to contact DePerio at his last known address, as well as through

---

[1] Boomer sought sanctions pursuant to N.Y. C.P.L.R. § 3126, a state statute that does not apply to this federal proceeding. Nevertheless, under the Federal Rules of Civil Procedure, a party who succeeds on a motion to compel may be entitled to monetary sanctions in connection with the making of the motion. Fed. R. Civ. P. 37. For the reasons discussed in the body of this decision, this Court declines to exercise its discretion to impose sanctions.

3

other unspecified "informal means." Under these circumstances, and where Boomer has not been prejudiced by the delay, I decline to exercise my discretion to award sanctions to Boomer.

### B. Motion for Production of Documents

On November 6, 2008, Boomer moved for production of defendants' medical school diplomas and medical licenses, as well as copies of all "grievances, complaints and investigations" and any lawsuits filed against defendants. (Docket # 57). As this Court advised Boomer during the September 11, 2008 status conference, because Boomer had not previously served such requests, he was required to move for leave to do so. This Court construes his pending motion as a request for such leave.

I note at the outset that the Second Circuit's summary order specifically identified the two subjects for the district court's reconsideration: Boomer's medical records and defendants' responses to Boomer's interrogatories. The Second Circuit did not direct or suggest that discovery should be reopened, and the fact discovery deadline had in fact expired without Boomer having served any document requests. (*See* Docket # 26).

Of course, courts have wide discretion to manage discovery. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). The scope of discovery under the Federal Rules of Civil Procedure is broad in scope, requiring only that the information sought be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery of admissible evidence"); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y.

4

1988) (term "reasonably calculated" in Rule 26(b)(1) means "any possibility that the information sought may be relevant" to a party's claim or defense) (internal quotations omitted). In addition, in determining whether to grant Boomer's motion, I also consider defendants' failure to oppose the motion.

I find that Boomer's document requests, framed as broadly as they are, should be denied as untimely, beyond the scope of the issues on remand and too attenuated in relevance to justify compelling defendants to respond to them. Specifically, I deny Boomer's motion for copies of defendants' medical school diplomas and medical licenses. Likewise, I decline to order defendants to produce copies of all grievances, complaints and lawsuits ever filed against them. Considering defendants' lack of opposition to the motion, however, I will require each defendant to produce copies of any disciplinary or legal determinations concerning complaints made against him relating to his treatment of any patient for diabetes. Such determinations may be relevant to the subjective element of plaintiff's claim of medical indifference. Thus, defendants are ordered to provide Boomer with copies of any responsive determinations by no later than September 30, 2009. If no responsive documents exist, defendants shall advise Boomer in writing of that fact by no later than the same date.

### C. Motion for Appointment of Counsel

It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re*

*Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. It is therefore the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 60)** is **DENIED** without prejudice at this time.

### D. Boomer's Motion for Summary Judgment

On November 19, 2008, Boomer filed a motion for summary judgment. (Docket # 58). Defendants have not responded, nor has the Court issued a scheduling order. Accordingly, and to afford both parties the opportunity to amend or supplement their summary judgment motions in light of Boomer's medical records, defendants' interrogatory responses and any responsive documents that may be produced in accordance with this Order, any new or amended summary judgment motions shall be filed by no later than **October 16, 2009**.[2] If plaintiff does not wish to file a new or amended motion, he may notify the Clerk of the Court by that same date that he would prefer that the Court issue a decision on his pending motion for summary judgment (Docket # 58). Responding papers are due by **November 16, 2009**. Reply papers, if any, shall be filed by **November 30, 2009**.

---

[2] NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.

## CONCLUSION

For the reasons stated above, plaintiff's discovery motions **(Docket ## 56, 57)** are **GRANTED in PART and DENIED in PART** and plaintiff's motion for appointment of counsel **(Docket # 60)** is **DENIED**. Defendants shall produce all responsive documents called for by this Order by no later than **September 30, 2009**.

**IT IS SO ORDERED.**

                                       *s/Marian W. Payson*
                                       MARIAN W. PAYSON
                                       United States Magistrate Judge

Dated: Rochester, New York
          August  28 , 2009

# *PRO SE* NOTICE

**Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.**

**In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.**

**Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.**

**Pursuant to Rules 7.1(e) and 56.1 of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.**

**If plaintiff has any questions, he/she may direct them to the Pro Se Office.**

**Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 56.1(e) of the Local Rules of Civil Procedure for the Western District of New York.**