UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SOLOMON BOOMER,

               Plaintiff,

          v.

JOSE DEPERIO, et al.,

               Defendants.
_____

ORDER

03-CV-6348L

        Currently pending before this Court is a motion for sanctions by plaintiff Solomon Boomer ("Boomer") in the above-captioned matter. (Docket # 78). For the reasons stated below, I grant the motion.

        On August 28, 2009, this Court issued a Decision and Order, familiarity with which is assumed, denying Boomer's motions for sanctions and the appointment of counsel, but granting in part his request for additional discovery. (Docket # 68). That order required defendants to provide by no later than September 30, 2009 "copies of any disciplinary or legal determinations concerning complaints made against [defendants] relating to [defendants'] treatment of any patient for diabetes." (*Id*. at 5).

        Having received no response from defendants, on May 18, 2010, Boomer filed the instant motion for sanctions for their failure to comply with this Court's order. (Docket # 78). On June 11, 2010, defendants responded to Boomer's motion and represented that no documents responsive to the Court's order exist. (Docket # 80 at ¶ 3). In addition, defendants' counsel affimred that his failure to comply with the Court's order was inadvertent due to family health matters and understaffing at the Attorney General's office. (*Id*. at ¶¶ 4-5). Finally, defendants

contend that Boomer has not been prejudiced by the late response. (*Id*. at ¶ 6).

When the disclosure of requested discovery material is provided only after a motion to compel is filed, Rule 37 requires the responding party to pay the movant's reasonable expenses. Fed. R. Civ. P. 37(a)(5)(A). Here, defendants' counsel represents that no responsive documents exist and that the plaintiff has not been prejudiced. Even if this Court accepts counsel's representation and his explanation for overlooking the court's prior order, I find that some sanction is appropriate and will require defendants to reimburse Boomer for the costs, if any, he has incurred as the result of defendants' delayed discovery responses and the necessity of seeking judicial intervention in order to obtain them. Thus, Boomer may submit to this Court by no later than **July 9, 2010**, a sworn affidavit detailing his costs, accompanied by any documentation demonstrating his expenditures in connection with obtaining defendants' discovery responses.

**IT IS SO ORDERED.**

                                                        *s/Marian W. Payson*
                                                          MARIAN W. PAYSON
                                                     United States Magistrate Judge

Dated: Rochester, New York
       June   22  , 2010