UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SOLOMON BOOMER,

                                  Plaintiff,                                <u>DECISION AND ORDER</u>

                                                                                 03-CV-6348L

                          v.

JOSE M. DE PERIO,
STEPHEN LASKOWSKI,
ROBERT M. TAKOS,
LESTER N. WRIGHT, M.D.,

                                  Defendants.
_____

Plaintiff Solomon Boomer, appearing *pro se*, has filed a complaint pursuant to 42 U.S.C § 1983, alleging that defendants violated his constitutional rights by acting with deliberate indifference to his medical condition–diabetes–while he was incarcerated at Attica Correctional Facility. (Docket # 6). In December 2005, this Court granted summary judgment to all defendants. 405 F.Supp.2d 259. As to three of the defendants, the district court determined that Boomer had failed to exhaust his administrative remedies; as to the remaining two, physicians Stephen Laskowski and Joseph DePerio, the Court held that the record contained "no evidence of any kind" that they were deliberately indifferent to his medical condition. *Id.* at 264.

On appeal by plaintiff, the Second Circuit remanded the case for reconsideration as to Laskowski and DePerio. 283 F.Appx. 855 (2d Cir.2008). Although the court agreed that Boomer's claims, "as stated in the complaint and developed in his deposition testimony, do not rise to the level of a constitutional violation," it remanded the case "in an abundance of caution" based on plaintiff's

assertion that, for reasons beyond his control, his medical records had never been presented to this Court, and because defendants had failed to respond to Boomer's interrogatories. The Court of Appeals directed the district court "to reconsider the motion for summary judgment in light of plaintiff's medial records and the responses to his interrogatories after these documents are properly submitted to the Court." *Id.* at 858.

Laskowski and DePerio have now renewed their motion for summary judgment. They have filed their interrogatory answers (Dkt. #52, #64), and plaintiff has filed copies of his medical records. (Dkt. #87-1).

Having reviewed those materials, I adhere to my prior ruling in this case, and find that plaintiff has not presented evidence giving rise to any genuine issues of material fact. I also find that defendants are entitled to summary judgment.

If anything, plaintiff's medical records merely reaffirm that he was given extensive medical treatment, on repeated occasions. The records show that he was seen by medical staff over a long period of time, and that various medications and treatments were prescribed and administered. *See* Dkt. #87-1 at 2-18. The Court has found no indication in those records that defendants deliberately ignored plaintiff's complaints or medical needs.

Nor do defendants' interrogatory responses alter this conclusion. Drs. DePerio and Laskowski have outlined their treatment of plaintiff, and I see nothing in those responses that gives rise to any issue of fact or that supports plaintiff's claims. In short, plaintiff continues to do nothing more than disagree with the course of treatment that was given him. That is not enough to support an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Guarneri v. West*, ___ F.Supp.2d ___, 2011 WL 1709843, at *3 (W.D.N.Y. 2011).

**CONCLUSION**

Defendants' motion for summary judgment (Dkt. #85) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 19, 2011.